**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Paul Groth,

Plaintiff,

v.

Ceska Zbrojovka Defence SE, et al.,

Defendants.

No. CV-26-08083-PCT-MTL

**ORDER**

Before the Court is Defendant CZ-USA's Partial Motion to Dismiss (Doc. 30.) The Court will grant the Motion.[*]

## I.

Plaintiff Paul Groth alleges that on September 12, 2024, his CZ 457 rifle was "leaned against the bed of a truck with the butt resting on the ground" when it "tipped over due to forces of nature and hit the ground with the safety on." (Doc. 24 ¶ 2.) He claims that "[d]espite the safety, the rifle fired a round through [his] right arm into his left arm where it was lodged," and that the rifle "discharged without any impact to the trigger." (*Id.* ¶¶ 2-3.) He represents the rifle was manufactured in the Czech Republic and imported and distributed into Arizona by CZ-USA. (*Id.* ¶¶ 11, 13-15.)

On February 2, 2026, Plaintiff filed suit in Arizona Superior Court, alleging design defect, warning/information defect, and negligence against two defendants: Česká

---

[*] At oral argument, Plaintiff conceded dismissal of the punitive damages demand. In light of that concession, the Court does not reach the punitive damages issue and addresses only the failure to warn claim.

Zbrojovka Defence SE, the Czech entity Plaintiff alleges manufactured the rifle, and CZ-USA, which Plaintiff alleges imported and distributed the rifle into Arizona. (Docs. 1-3; 24 ¶¶ 10-15.) On April 10, 2026, Defendant CZ-USA removed the case to this Court. (Doc. 1.) CZ-USA then moved to dismiss (Doc. 6), which the Court denied as moot (Doc. 31) after Plaintiff filed his operative Second Amended Complaint ("SAC") (Doc. 24). CZ-USA now moves to dismiss Count II. (Doc. 30.)

## II.

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks and citation omitted). A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Plausibility is more than mere possibility; a plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

## III.

Defendant CZ-USA moves to dismiss Count II of the SAC, failure to warn, under Rule 12(b)(6). (Doc. 30.) Arizona products-liability law recognizes three distinct categories of defect, each of which independently renders a product unreasonably dangerous: manufacturing defects, design defects, and informational defects encompassing instructions and warnings. *Gosewisch v. Am. Honda Motor Co.*, 153 Ariz. 400, 403 (1987), *superseded by statute on other grounds as recognized by Jimenez v. Sears, Roebuck & Co.*,

183 Ariz. 399, 402 (1995).

To establish an informational defect, a plaintiff must show that the manufacturer had a duty to warn of the product's dangerous propensities, that the lack of an adequate warning made the product defective and unreasonably dangerous, that the product lacked adequate warnings when it left the defendant's control, and that the inadequate warning proximately caused the plaintiff's injuries. *Id.* The defect must lie in the warning itself—its content, adequacy, or absence—and not merely in the underlying design of the product. *See Maake v. Ross Operating Valve Co.*, 149 Ariz. 244, 247 (App. 1985); *Hohlenkamp v. Rheem Mfg. Co.*, 134 Ariz. 208, 214 (App. 1982) (noting that the central inquiry "under either [a strict liability or negligence] theory is essentially the same: was the warning adequate?" (citation omitted)).

CZ-USA argues that Plaintiff's Count II "is solely predicated on the claim that Defendant CZ-USA failed to warn of a claimed physical defect in the firearm," and thus is not a cognizable informational-defect claim. (Doc. 30 at 7.) Count II alleges that CZ-USA "fail[ed] to adequately warn or provide information . . . about the defective and unreasonably dangerous condition of the subject Firearm as sold without passive safety features with sufficient engagement and/or spring resistance to prevent firing by gravity-induced impact with a solid surface," and that CZ-USA "did not adequately explain the benefits of adding" such features. (Doc. 24 ¶ 30.)

These allegations do not identify any inadequacy in a warning that itself rendered the rifle unreasonably dangerous. They instead restate Count I's design-defect theory that the rifle was sold without an engaged passive safety and recast it as a failure to warn of that same alleged defect. But an informational-defect claim requires that the absence or inadequacy of the warning be what makes the product unreasonably dangerous; it is not enough to allege that the defendant failed to warn of a separately alleged design defect. *See Gosewisch*, 153 Ariz. at 403; *Hohlenkamp*, 134 Ariz. at 214.

Under Rule 15(a)(2), leave to amend should be freely given "when justice so requires." But leave is not required where amendment "would cause the opposing party

undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). A district court's discretion to deny leave is "particularly broad" where, as here, the plaintiff has already amended once. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009).

Count II will be dismissed with prejudice and without leave to amend. Plaintiff has now amended the complaint twice. (*See* Docs. 23-24.) This matter was removed to this Court in April 2026, yet it is now July, and discovery has yet to commence. The Court therefore finds that granting leave to amend would create undue delay. *See Ascon Props.*, 866 F.2d at 1160. Further amendment would also be an exercise in futility. At oral argument, the Court asked Plaintiff how amendment would cure the pleading deficiencies in Count II. Counsel offered only that Plaintiff could allege he would have relied on a warning had one been given. But that allegation addresses reliance alone and does not cure the deficiency identified above, which is the absence of any pleaded warning defect independent of the design claim. The Court indicated to Plaintiff that if facts arise during discovery to support a failure to warn claim, he may move to amend to reassert the claim at that time.

**IT IS THEREFORE ORDERED granting** Defendant CZ-USA's Motion to Dismiss (Doc. 30) as explained herein.

**IT IS FURTHER ORDERED** that Defendant CZ-USA must file a responsive pleading no later than **July 22, 2026**.

Dated this 8th day of July, 2026.

Michael T. Liburdi
United States District Judge

- 4 -